## PRIEST JONES v. THE STATE.

COURT OF APPEALS, TYLER TERM, 1882.

*Assault with intent to murder—Burden of proof—Charge of court—Cases discussed—Case overruled.*—Hall v. State, Galveston term, 1875, never reported, but referred to and explained in Leonard v. State, 7 Court of Appeals, 417, overruled.

The correct doctrine enunciated in Ake v. State, 6 Court of Appeals, 398, and Dubose v. State, 10 Court of Appeals, 230.

*Held,* 1. Every person accused of crime is presumed to be innocent until his guilt is established by legal evidence to that extent which excludes reasonable doubt of his guilt.

2. This legal presumption of innocence continues in favor of the prisoner throughout the whole case.

3. The burden of proof to meet and overthrow this presumption of innocence, by establishing by legal evidence the guilt of the accused beyond a reasonable doubt, rests upon the State.

4. This burden of proof never shifts from the State upon the defendant in the sense in which it is understood to shift upon a party in a civil suit.

5. When the defendant pleads "not guilty," and does not rely upon any matter as a defense which is separate and distinct from, and independent of, the facts constituting the offense, the burden of proof does not rest upon him to prove anything; and in such cases it would be error to give in charge to the jury article 51 of the Penal Code.

6. But when the defendant relies upon any substantive, distinct, separate and independent matter as a defense, which is outside of, and does not necessarily constitute a part of, the transaction with which he is charged, then it devolves upon him to establish such special and foreign matter by a preponderance of evidence.

7. When the defendant relies upon a defensive fact which is peculiarly

c7

within his knowle lge, the burden rests upon him to prove it, as in Leonard v. State, 7 Court of Appeals, 417.

Appeal from Smith county.—Opinion by Willson, J.—The defendant was convicted of an assault with intent to murder Elisha Young, and his punishment assessed at five years confinement in the penitentiary.

The evidence is amply sufficient to sustain the verdict. The charge of the court is clear, comprehensive and applicable to the facts, and, with the exception of one clause, is entirely unobjectionable.

The clause referred to is as follows: "You are further instructed that upon the trial of any criminal action, when the facts have been proved which constitute the offense, it devolves on the accused to establish the facts and circumstances on which he relies to excuse or justify the prohibited act." This clause is an exact copy of article 51 of the Penal Code. It was excepted to by the defendant at the time it was given in charge to the jury, and is now presented to us in a bill of exceptions, and insisted upon as an error fatal to the conviction.

It has been suggested by the Assistant Attorney-General in his argument in this case, that notwithstanding the question now presented has, in a number of cases, been discussed and ruled upon by our Supreme Court and by this court, there still exists in the minds of many learned judges and lawyers in this State doubt and confusion as to the correct rule upon the subject; that is, as to the class of cases in which it would be proper to give this provision of the Code in charge to the jury. And he suggests that in our opinion in this case, we elucidate more fully than has yet been done the proper office of this provision. We confess that to our minds the subject is by no means free from difficulty, and that the statute and decisions upon it are not as plain and satisfactory as they should be. We will review at some length the authorities bearing on the question, and in this way endeavor to arrive at a correct and definite conclusion as to the proper use of this article of the Code in instructions to the jury. It is a cardinal principal of criminal law, that every person accused of crime is presumed to be innocent until his guilt is established by legal evidence, to the exclusion of any reasonable doubt. This principle has been incorporated into our Criminal Codes in two separate articles, which, although different in words, mean precisely the same thing. (Penal Code, art. 11; Code Crim. Pro., art. 727.) This presumption of innocence is with

the accused throughout the whole case, from its commencement to its final determination. (1 Bishop Crim. Pro., 1104; Wharton's Crim. Ev., 330.) The effect of this legal presumption of innocence is to place the burden of proving the guilt of the accused upon the prosecution. The fact of guilt having been established to the exclusion of any reasonable doubt, the prosecution has made out its case, and this case will overcome the presumption of innocence, and produce the conviction of the accused, but the presumption of innocence never departs from the case until the conviction is finally determined.

But there is a difference between this "presumption of innocence" and the "burden of proof." Mr. Wharton, in his excellent work on criminal evidence, in discussing this difference says: "We must remember that the rule imposing the burden of proof on the party advancing a proposition is a very different thing from the presumption of innocence. A defendant has the presumption of innocence with him through the whole case. The advantage he derives, however, from the fact that the burden is on the prosecution to make out the points it advances is only temporary. As soon as this is done to such an effect as to sustain a verdict of guilty, then, should the proof close at that point, the case goes to the jury free from any presumptions arising from the prior imposition of this burden. In other words, the rule requiring the actor to take on him the burden of proof is one merely of practice, adopted for the proper development of the case, and ceases to operate when the evidence is in. The rule requiring guilt to be made out beyond reasonable doubt is a fundamental sanction of the law, applicable at all stages of a trial. The first rule concerns the *orders,* the second the *weight* of the testimony." (Wharton Crim. Ev., 322.) Again he says: "But 'burden of proof' is a very different thing from the presumption of innocence. The first, to state once more this important distinction, is a formal rule confined to determining the order in which the proofs are to be brought forward; a rule which ceases to apply as soon as a party has introduced proof sufficient to entitle him to a verdict. The second is a substantial rule, operating during the whole trial, and continuing to operate until the case is finally determined." (Id., 330.) The distinction here shown by this author between the "presumption of innocence" and the "burden of proof," is, we think, a correct one, and when kept in mind and properly applied, will solve some of the difficulties

which beset the question we are considering. We will now refer to the cases decided in the courts of our own State which bear upon the question before us.

In Henderson v. the State, 12 Texas, 525, which was a prosecution for an assault with intent to murder, the defendant admitted the assault, but undertook to justify it by proof that the person assaulted was at the time in the act of setting fire to a house of the defendant, in the night time, etc. The court, in alluding to this attempted justification, says: "It was incumbent on the defendant, seeking to justify the use of such violence in defense of his person, habitation or property, to make out satisfactorily in evidence the facts on which he relied to justify or extenuate. From such acts of violence the law presumes malice, and it devolved on the defendant to repel this legal inference by showing circumstances of justification, excuse or extenuation. If such circumstance existed, but were not susceptible to proof, that was his misfortune. The law *demands evidence*, and will not rest its conclusions on conjecture."

In considering this case it is to be noted—

1. That the court is not discussing a charge to the jury embodying the rule stated, but is passing upon the evidence in the case.

2. This decision was prior to the adoption of our Penal Code, and does not, therefore, bear directly upon the question before us. It, however, announces the same principle or rule of practice enacted in the article under discussion, and is valuable in this case for the purpose of showing that art. 51 of the Penal Code is simply an enunciation of the common law.

The case of Belveman v. The State, 16 Texas, 131, was a prosecution for cutting and carrying away timber off land not defendant's own. It was held that it devolved on the State to prove that the land was not the defendant's own, but that *prima facie* proof of this fact was all that was required to throw on the defendant the *onus* of proving the license of the owner, or a superior right or title in himself. Here the State is required to prove a *negative*—that the land did not belong to the defendant. Furthermore, if the land belonged to the defendant, or if he had a license from the owner to cut the timber from it, these facts were peculiarly within the knowledge of the defendant. In such a case, at common law, when the prosecution has established a *prima facie* case of guilt, it devolves upon the defendant the *burden of proving the special matter* which would exonerate him. (1 Green. Ev., 78–79.)

Hall v. The State, decided at Galveston in 1875, but which has

never been reported, is referred to and its purport explained in Leonard v. The State, 7 Ct. App., 417.

Judge Clark, who delivered the opinion in the Leonard case, in reference to the Hall case, says:

" The defendant was indicted for assault with intent to murder, and the court instructed the jury that ' The burden of proof is on the defendant to show the facts and circumstances which would excuse or justify the shooting; that, the shooting being established, the burden of the proof is upon the defendant to show the sudden passion, or adequate cause, which would reduce the offense below the grade of an assault with intent to murder.' This portion of the charge was objected to, because it relieved the State from the necessity of proving that the shooting was unlawful and done with malice aforethought, express or implied, and threw upon the defendant the burden of proving his innocence, instead of the burden of meeting a *prima facie* case of guilt as charged. The court held that the charge, as a whole, did not infract the law, though, perhaps, the jury may have been misled by the context. But they expressly declined to rest the decision upon this ground, and the judgment was reversed for another error."

Judge Clark then quotes from the Hall case the following language:

" The principle is, that, although the defendant must establish the fact, on which he relies to excuse or justify his acts, when such excuse or justification does not arise out of the evidence against him, yet the burden of proof is not on him in the sense it is understood to rest on a defendant in a civil case." And, in concluding his remarks upon the Hall case, says that " subsequent decisions have in no manner qualified this case."

We have not the Hall case before us, as it has never been reported, but we take it for granted that the learned and accurate judge has correctly stated it.

Judge Clark, in support of his declaration that subsequent decisions have in no manner qualified the Hall case, refers to Perry v. The State, 44 Texas, 473; Brown v. The State, 4 Court of Appeals, 275; and Ake v. The State, 6 Court of Appeals, 398; and we will now proceed to examine those cases.

In Perry v. The State, the defendant was charged with murder. The court charged the jury that " The law implies malice in case of unlawful killing by means calculated to produce death, and in such case the burden of proof is on the defendant, if he would reduce the offense to a less grade than murder in the second degree."

Justice Gould, in discussing this charge, says: "That part of the charge which speaks of the burden of proof being on the defendant, is not strictly correct. In the case of Hall v. The State, Galveston term, 1875, this subject was fully considered, and, after a careful examination of the statutory provisions bearing upon it, and a review of the leading authorities, the conclusion is arrived at that the burden of proof is not on the defendant in a criminal case, in the sense in which it is understood to rest on the defendant in a civil suit.

"In a criminal prosecution, where the accused relies on the plea of not guilty, admitting nothing, the *onus* is on the State to overcome the legal presumption of his innocence, and the question of his guilt is to be decided from the whole evidence, without pausing to inquire whether it was introduced by him or the State." The charge we have quoted above was held to be erroneous under the circumstances of that case. In Brown v. The State the prosecution was for murder, and the court charged as follows: "When the fact of the killing has been clearly established, and it has not been shown to be the result of accident, or to have been done under such circumstances as will, in law, mitigate, excuse or justify the act, the law in such case implies malice without further proof, and makes such killing murder." This charge was held to be correct, and the court expressly distinguishes it from the charge given in Perry's case, and says of the charge in that case: "It was that portion of the instruction in Perry's case which told the jury that the burden of proof is on the defendant, and which the court held erroneous." We draw the inference from this language that if the charge in Brown's case had instructed the jury that the burden of proof was upon the defendant to prove that the killing was accidental or done under such circumstances as would mitigate, the court would have held the charge erroneous. In Ake v. The State the defendant was prosecuted for rape. In order to escape capital punishment, he contended that the offense was committed before he arrived at the age of seventeen years. It was strenuously and ingeniously argued by his counsel that it devolved upon the State to prove beyond a reasonable doubt that he had arrived at the age of seventeen years when the act was committed. But the court held otherwise, and after discussing the authorities upon the point, concludes its opinion as follows: "It is unnecessary to illustrate the question further. The instances cited show that the maxim that the burden of proof in criminal cases never shifts from the State, means only that

it never shifts in so far as it is necessary to make out the specific case of murder or rape, or any other offense charged in the indictment, by establishing the *corpus delicti* and the constituent elements of the crime. When distinct, substantive matter is relied upon by the defendant to exempt him from punishment and absolve him from liability, then that is matter foreign to the issue as made by the State in her charge against him, and the burden of proving it, in reason, common sense and law, should be upon the defendant."

We do not entirely agree with Judge Clark in his conclusion that the Hall case has in no manner been qualified by the three subsequent cases we have quoted from. If it has not been qualified, we certainly think it has not been fully sustained by those decisions. In Perry v. The State a similar charge to the one sustained in Hall's case, was held to be erroneous; and in Brown v. The State, the decision in the Perry case is approved; and in Ake v. The State, the rule is announced that it is, when distinct, substantive matter, foreign to the issue as made by the State, is relied upon by the defendant to exempt him from punishment, that it devolves upon him to prove such matter. In Leonard v. The State, 7 Ct. App., 417, the defendant was prosecuted for embezzlement, and the judge gave in charge to the jury article 51 of the Penal Code, as given in the case at bar. The charge, however, was not excepted to at the time. The court, Judge Winkler delivering the opinion, says: "This charge may not be objectionable, in view of the seeming attempt to prove that the cotton of the bank was in the yard of the defendant at the time he is shown to have left Fort Worth. But whilst this may be law in every case, we cannot conclude that it is an appropriate instruction to give to the jury in any and every case. The legal principle enunciated would be inapplicable as a charge in an ordinary case, where a defendant has pleaded not guilty. In such a case the general rule is that the burden of proof does not shift from the State to the defendant, and generally it would be error to so charge." There was a motion for a rehearing in this case, and Judge Clark, in delivering the opinion of the court refusing the motion, uses the following language in regard to the charge referred to: "The law starts the trial with the presumption of innocence in favor of the prisoner, which continues until a verdict or guilty, but the State is not called upon to do more than to prove its own case. It is only required to prove the facts which

constitute the offence, and rest its case. If there be no further evidence, the case goes to the jury with the evidence for the State, which must be tested by them, on their retirement, by legal rules as to its sufficiency, including the rule as to reasonable doubt. If evidence be introduced by the defendant, tending to establish facts or circumstances upon which he may rely to excuse or justify the prohibited act or omission, then the question of his guilt is to be decided on the whole evidence, without pausing to inquire whether it was introduced by him or the State." And in concluding the opinion the learned judge explains the reason why the charge was held not to be error. He says, " Without undertaking to enumerate cases wherein such an instance might be objectionable, we are of opinion that this case not only justified, but would seem to have required it, as the whereabouts and disposition of the cotton were wholly within the knowledge of the appellant, and after the establishment of the *prima facie* case of guilt, as above indicated, it peculiarly devolved upon him to establish his excuse or justification." In Guffee v. The State, 8 Ct. Apps., 187, which was a prosecution for murder, the court instructed the jury as follows: " When an unlawful killing is clearly shown to have been done, it is for the defendant to show facts which mitigate or reduce the offence below murder. When this is not done, the law imputes malice to such unlawful killing." In passing upon this charge the court says: " It is clearly erroneous in so far as it shifts the burden upon the defendant to establish mitigating facts and circumstances. It is never incumbent upon a defendant, on trial in a criminal prosecution, to show any facts in mitigation, unless such mitigation fails to appear in the evidence against him, and the facts established by the State show beyond a reasonable doubt a *prima facie* case of guilt." The charge was held error.

In Ainsworth v. The State, 8 Court of Appeals, 532, it is said: " While in some exceptional cases, dependent upon a peculiar state of facts, the statute relating to the burden of proof may with propriety be given to a jury, yet, in a vast majority of cases, such a charge, although the law, ought not to be given to a jury, and, if given, will constitute serious error; " and in that case, which was a prosecution for murder, and in which the evidence was conflicting, the charge was held to be erroneous.

In Dubose v. The State, 10 Court of Appeals, 230, which was a prosecution for murder, the court, in substance, embraced in its

charge article 51 of the Penal Code. In holding this charge to be erroneous, the court says: "The correct principle is, that when the defendant relies on no separate, distinct and independent fact, but confines his defense to the original transaction on which the charge is founded, with its accompanying circumstances, the burden of proof continues throughout the trial with the prosecution."

In concluding the opinion, it is further remarked: "We will not discuss the question as to whether this or a similar charge can properly be given in any case except in those in which an independent, separate and distinct matter is interposed. The writer (Judge Hurt) is of the opinion that it is not permissible in any case, unless such matter is relied on."

We have now referred to the leading decisions of the courts of this State which, either directly or remotely, discuss the question before us. We have thought it proper to do this somewhat in detail and at length, in order to present, in one case, the present status of the decisions, and to deduce from them, as definitely as we can, the correct rules upon the subject.

Our investigation of these decisions, and deliberation upon them, have brought us to the following conclusions, viz.:

1. We cannot approve the decision in the Hall case, as it is reported by Judge Clark in the Leonard case. We think the charge objected to in that case was clearly erroneous, and that the decision, in so far as it held the charge to be unobjectionable, is not sustained by authority or reason.

2. We think the correct doctrine is enunciated in the case of Ake v. The State and Dubose v. The State, *supra*, and we will here state as succinctly and clearly as we can our understanding of the rules relating to the presumption of innocence and the burden of proof governing in criminal trials.

First—Every person accused of crime is presumed to be innocent until his guilt is established by legal evidence to that extent which excludes reasonable doubt of his guilt.

Second—This legal presumption of innocence continues in favor of the prisoner throughout the whole case.

Third—The burden of proof to meet and overthrow this presumption of innocence, by establishing by legal evidence the guilt of the accused beyond a reasonable doubt, rests upon the State.

Fourth—This burden of proof never shifts from the State upon the defendant in the sense in which it is understood to shift upon a party in a civil suit.

Fifth—When the defendant pleads "not guilty," and does not rely upon any matter as a defense which is separate and distinct from, and independent of, the facts constituting the offense, the burden of proof does not rest upon him to prove anything, and in such cases it would be error to give in charge to the jury article 51 of the Penal Code. Thus, if the defendant is accused of murder, or of an assault, and pleads not guilty to the charge, the burden of proof is not upon him to prove self-defense, or accident, or want of evil intent, or any other defensive fact which is immediately connected with and constitutes a part of the transaction, and which is not peculiarly within the knowledge of the defendant. This is so, because the burden of proof is upon the State to prove that the homicide or the alleged assault was unlawful, intentional, and committed with the necessary criminal intent; and until this proof is made, to the exclusion of a reasonable doubt, the defendant is shielded by the presumption of innocence, and is not required to prove anything. But suppose in such case his guilt is established, in all essential particulars, beyond any reasonable doubt, does the burden of proof then fall upon him to show justification or excuse for the act? How can he justify or excuse a murder? Murder is neither justifiable nor excusable. He can introduce evidence in rebuttal of the State's case, and break down and destroy the case made against him by the State, and thus acquit himself of the charge; but in doing this he is not justifying or excusing the act, but is combatting the issue of guilt made against him by the State.

Sixth—But when the defendant relies upon any substantive, distinct, separate and independent matter as a defense, which is outside of, and does not necessarily constitute a part of, the act or transaction with which he is charged, such as the defense of insanity, nonage, license from proper authority to do the act, relationship, or the like, then it devolves upon him to establish such special and foreign matter by a preponderance of evidence.

Seventh. And, when the defendant relies upon a defensive fact which is peculiarly within his knowledge, the burden rests upon him to prove it, as in the Leonard case, where the whereabouts of the cotton embezzled was peculiarly within his knowledge. Thus, where a defendant claims that he acted under necessity, viz., under the command of a superior officer during war, or under compulsion of any kind, the burden is on him to prove it. So, in case the defendant relies upon a license to do the act, and where the license

is particularly within his knowledge, the burden is upon him to prove it. (Wharton Crim. Ev., 335, 342; Ake v. The State, 6 Ct. App., 398.)

In cases of the class mentioned in subdivisions sixth and seventh, we do not think it would be error for the court to instruct the jury that the burden of proving such defenses devolved upon the defendant.

The charge of the court complained of in this case, we think was error, and having been excepted to at the time, we have no discretion to consider its probable effect upon the verdict, but must reverse the judgment and remand the case for a new trial. (Code Crim. Pro., 685.)